Gregory Dennison, Esq.
**SAIBER LLC**
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
(973) 622-3333
*Attorneys for Plaintiff*
*Merchants Mutual*
*Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MERCHANTS MUTUAL INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE NATIONAL INSURANCE COMPANY, INC., NEXT INSURANCE, INC., REGAL RESTORATION USA LLC, JENNIFER KAMINISKI, DAVID SPEISER, and GEORGE J. GROB,**<br><br>**Defendants.** | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff Merchants Mutual Insurance Company ("Merchants") by and through their undersigned attorneys, Saiber LLC, hereby file this Complaint against Defendants State National Insurance Company, Inc. ("State National"), Next Insurance, Inc. ("Next"), Regal Restoration USA LLC ("Regal"), Jennifer Kaminski, David Speiser, and George J. Grob.

## THE PARTIES

1.    Plaintiff Merchants is an insurance company formed under the laws of the Commonwealth of Massachusetts its principal place of business in the City of Buffalo, State of New York.

2.      Upon information and belief, Defendant State National is an insurance company formed under the laws of State of Texas with its principal place of business in Bedford, Texas.

3.      Upon information and belief, Next is the administrator for State National, and is incorporated in the State of Delaware with its principal place of business in Palo Alto, California.

4.      Upon information and belief, Defendant Regal is a limited liability company formed under the laws of the State of New Jersey with a principal place of business in Eatontown, New Jersey.

5.      Upon information and belief, Jennifer Kaminski and David Speiser are married individuals who reside in Clifton, New Jersey.

6.      Upon information and belief, at all times relevant Defendant George J. Grob was a resident of Eatontown, New Jersey.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332, as the plaintiff is a citizen of New York, and Defendants State National, Next, Regal, are citizens of Texas, Delaware, California, and Virginia, respectively, and Kaminski, Speiser, and Grob are citizens of New Jersey.

8.      Venue is proper in the District of New Jersey, Vicinage of Newark, as this insurance coverage declaratory judgment action concerns the availability of insurance coverage under an Occurrence Excess Policy issued by Merchants to Regal for a $4.25 million judgment obtained by Kaminski and Speiser against Regal and Grob following trial in the Bergen County Superior Court.

9.      As required by 28 U.S.C. § 1332, the amount in controversy exceeds $75,000 in that Merchants has disclaimed coverage for the $3.25 million portion of the judgment obtained by Kaminski/Speiser above the $1 million limit of liability for the primary policy issued by State National and/or Colony to Regal.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

*The Subject Motor-Vehicle Accident*

10.    On or about September 22, 2021, Jennifer Kaminski was a passenger in a vehicle operated by her husband, David Speiser, on the Garden State Parkway in Saddle Brook, New Jersey, when their vehicle was struck from behind by a vehicle driven by Grob and owned by Regal.

11.    At the time of the collision, Grob was employed by Regal and was acting within the scope of his employment with Regal.

12.    State National and/or Next issued Business Auto Policy No. NXTYXDMPR6-00-CA (the "State National Policy") to Regal for the period from March 12, 2021, to March 12, 2022, providing a $1 million primary auto liability limit, which was in effect on September 22, 2021.

13.    Merchants issued Occurrence Excess Policy No. CUP003045 (the "Merchants Excess Policy") to Regal for the period from April 10, 2021, to April 10, 2022, with limits of $5 million excess of State National's $1 million primary limit.

14.    The Merchants Excess Policy lists the State National Policy as Scheduled Underlying Insurance for auto liability.

15.    Ms. Kaminski and Mr. Speiser filed a lawsuit against Regal and Grob (the "Underlying Action"; Ms. Kaminski and Mr. Speiser are referred to as the "Underlying Plaintiffs") as a result of bodily injuries allegedly sustained by Ms. Kaminski as a result of the September 22, 2021 accident.  A copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

16.    Ms. Kaminski's alleged bodily injuries included disc bulges at C-5 and C-6, cerebral concussion, persistent dizziness, and, most notably, a traumatic brain injury.

17.    Mr. Speiser filed a loss of consortium claim in connection with Ms. Kaminski's alleged bodily injuries.

18.    While the Underlying Action was pending, the Underlying Plaintiffs made a settlement demand of $900,000.

19.    On or about September 26, 2024, a court-ordered non-binding arbitration was held in the Underlying Action.

20.    Upon information and belief, as part of the non-binding arbitration process, the Underlying Plaintiffs included a report from Andrew L. Gluck, Vocational Economic Analyst, who opined that Ms. Kaminski had sustained a loss of $1,683,973 in past and future earnings as a result of the accident.

21.    Ms. Kaminski's claimed lost earnings alone exceeded the value of the State National Policy's $1 million limit of liability.

22.    Upon information and belief, the value of Ms. Kaminski's alleged traumatic brain injury, if accepted by the jury, also exceeded the State National's $1 million limit of liability.

23.    The non-binding arbitration resulted in an award of $100,000 to the Underlying Plaintiffs.

24.    The Underlying Plaintiffs filed a request for trial *de novo* and rejected the arbitration award the same day.

25.    On March 19, 2025, State National and/or Next's assigned defense counsel for Regal and Grob filed an Offer of Judgment for $130,000.

26.    Prior to trial, State National and/or Next's assigned defense counsel for Regal and Grob stipulated to liability and proceeded to trial on damages only.

27.    Trial in the Underlying Action began on April 8, 2025.

28.    During trial, Ms. Kaminski produced an expert witness, Matthew J. DeLuca, M.D., a neurologist with nearly forty years' experience, to testify as to Ms. Kaminski's condition including the diagnosis of a traumatic brain injury.

29.    Upon information and belief, during trial the Underlying Plaintiffs made a settlement demand of $600,000.

30.    Upon information and belief, State National and/or Next through their assigned defense counsel rejected the Underlying Plaintiffs' demand of $600,000.

31.     Upon information and belief, during the course of the trial, the Underlying Plaintiffs reduced their settlement demand further to $200,000 and then again to $170,000.

32.     Upon information and belief, State National and/or Next rejected the $200,000 and $170,000 settlement demands and never increased its settlement offer above the $130,000 contained in its Offer of Judgment.

33.     The jury returned its verdict on April 11, 2025, and awarded Ms. Kaminski $4 million and Mr. Speiser $250,000, for a total verdict against Regal and Grob of $4.25 million.

34.     On April 18, 2025, Regal and Grob, through State National and/or Next's assigned defense counsel, moved for remittitur and/or a new trial based on the size of the jury award.

35.     The Court denied Regal and Grob's motion for remitter and/or a new trial on June 16, 2025.

36.     On July 17, 2025, the Court entered an Order for Judgment in favor of the Underlying Plaintiffs in the amount of $4.25 million, plus an additional $507,614.21 in prejudgment interest and $750 in attorney's fees, for a total judgment amount of **$4,758,364.21**, with post-judgment interest accruing at a rate of 7.5% for 2025, and at 6.5% for 2026.

### *The Merchants Excess Policy's Notice Provision*

37.     Ther Merchants Excess Policy provides excess coverage above the Scheduled Underlying Insurance as follows:

> **SECTION I - COVERAGES**
>
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>     a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance"

have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

A copy of the Merchants Excess Policy is attached hereto as **Exhibit B**.

38.    The Merchants Excess Policy contains the following notice provisions:

SECTION IV – CONDITIONS

[…]

3.  Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b.  If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

         You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c.  You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

*** 

39.    The Merchants Excess Policy requires the insured to notify Merchants "as soon as practicable" of occurrences or offenses that may result in a claim.

40.    Regal and Grob, and State National, did not provide notice of the motor vehicle accident involving Kaminski and Speiser to Merchants.

41.    The Merchants Excess Policy requires the insured to notify Merchants "as soon as practicable" if a claim is made or suit is brought against any insured, and "see to it that we receive written notice of the claim or 'suit' as soon as practicable."

42.    The Merchants Excess Policy further requires Regal to "immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"

### Regal and Grob's Post-Verdict First Notice of Loss and Merchants' Disclaimer

43.    Regal and Grob first provided notice of the Kaminski claim and/or the Underlying Action to Merchants after the jury rendered its $4.25 million verdict.

44.    On August 15, 2025, Merchants denied coverage for the $4.25 million Kaminski/Speiser judgment for failure to provide notice as soon as practicable as required by the Merchants Excess Policy, and for the appreciable prejudice sustained by Merchants as a result of Regal and Grob's failure to provide timely notice of the Underlying Action as required.

## FIRST COUNT

## DECLARATORY JUDGMENT AGAINST REGAL AND GROB

45.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

46.     The Merchants Excess Policy required Regal to "Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"

47.     Kaminski and Speiser filed suit against Regal and Grob on January 17, 2022.

48.     The Merchants Excess Policy further required that Regal "must see to it that we are notified as soon as practicable of an 'occurrence' or an offense, regardless of the amount, which may result in a claim."

49.      Regal and Grob knew or should have known that the Underlying Action may result in a claim under the Merchants Excess Policy no later than when Kaminski first alleged a traumatic brain injury.

50.     Regal and Grob knew or should have known that the Underlying Action may result in a claim under the Merchants Excess Policy no later than when the Underlying Plaintiffs served the report of Andrew L. Gluck, Vocational Economic Analyst, who opined that Ms. Kaminski had sustained a loss of $1,683,973 in lost past and future earnings.

51.     Regal and Grob failed to notify Merchants of the Underlying Action until after a jury verdict of $4,250,000 had already been rendered.

52.     State National, as the primary insurer, also failed to notify Merchants of the Underlying Action despite knowing that the potential liability could exceed its policy limits.

53.     Merchants was appreciably prejudiced by Regal and Grob's failure to timely provide notice as required because it irretrievably lost its ability to influence settlement

discussions, particularly given that the Underlying Plaintiffs' demands was well within the State National Policy limits, and that Underlying Plaintiffs' final demand was only $40,000 above the Offer of Judgment State National's assigned defense counsel filed with the Court.

54.    Merchants is entitled to a declaration that its disclaimer of coverage based on late notice is valid and enforceable under the terms of the excess insurance policy and New Jersey law.

## SECOND COUNT

## BAD FAITH FAILURE TO SETTLE AGAINST STATE NATIONAL AND NEXT

54.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55.    Upon information and belief, State National and/or Next assigned counsel to defend Regal and Grob.

56.    Upon information and belief, State National and/or Next controlled the defense of Regal and Grob.

57.    Upon information and belief, State National and/or Next directed the litigation strategy and made decisions regarding settlement negotiations.

58.    The Underlying Plaintiffs made multiple settlement demands within the State National Policy's $1 million limit of liability.

59.    Upon information and belief, State National and/or Next made the decision to offer $130,000 by way of an Offer of Judgment.

60.    Upon information and belief, State National and/or Next made the decision to reject all pre-trial settlement demands.

61.    Upon information and belief, State National and/or Next made the decision to reject the Underlying Plaintiffs' $600,000 mid-trial settlement demand.

62.    Upon information and belief, State National and/or Next made the decision to reject the Underlying Plaintiffs' $200,000 mid-trial settlement demand.

63. Upon information and belief, State National and/or Next made the decision to reject the Underlying Plaintiffs' $170,000 mid-trial settlement demand.

64. Upon information and belief, State National and/or Next made the decision not to make any settlement offer above the $130,000 offer contained in the Offer of Judgment.

65. Upon information and belief, State National and/or Next took no affirmative steps to settle the Underlying Action other than filing the Offer of Judgment.

66. State National and/or Next had a fiduciary duty under New Jersey law to take the initiative and attempt to negotiate a settlement within the State National Policy's limits.

67. State National and/or Next had a realistic possibility of settlement within the State National Policy's limits as evidenced by the Underlying Plaintiffs' settlement demands made during trial of $600,000, $200,000, and $170,000.

68. State National and/or Next's decision to reject the Underlying Plaintiffs' settlement demands was contrary to the interests of Regal, Grob, and Merchants and solely in the interest of State National.

69. State National and/or Next breached its fiduciary duty owed to Regal, Grob, and Merchants by failing to attempt in good faith to negotiate a settlement of the Underlying Action within the State Policy's limits.

70. State National b and/or Next reached its duty of good faith owed to Regal, Grob, and Merchants through its failure to negotiate a settlement of the Underlying Action within the State National Policy's limit of liability.

71. As a result of State National and/or Next's bad faith failure to settle the Underlying Action, Merchants seeks a declaration that State National and/or Next is liable for the entirety of the $4,758,364.21, including the $4.25 million verdict award, pre-judgment interest, and all post-judgment interest and costs.

**WHEREFORE**, Merchants demands judgment against Regal, Grob, State National and Next as follows:

(a) Declaring that Regal and Grob breached the notice provision in the Merchants Excess Policy by failing to give notice of the Underlying Action until after the $4.25 million jury verdict, and declaring that Merchants has no duty to indemnify Regal and Grob under the Merchants Excess Policy as a result; and

(b) Declaring that State National and/or Next breached their duty of good faith owed to Regal, Grob, and Merchants as Regal's excess insurer, and declaring that State National and/or Next is responsible for the entirety of the $4,758,364.21 judgment amount, including the $4.25 million verdict award, pre-judgment interest, and all post-judgment interest and costs.

Dated:   April 12, 2026

SAIBER LLC
Attorneys for Plaintiff
Merchants Mutual Insurance Company

*s/ Gregory Dennison*
GREGORY DENNISON (039111997)
7 Giralda Farms, Suite 360
Madison, NJ 07940
(973) 622-3333